FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 13, 2024

SEAN F. McAVOY, CLERK

1

2

3

4

5 UNITED STATES DISTRICT COURT

6 EASTERN DISTRICT OF WASHINGTON

7 JEROME J. C.,

8                           Plaintiff,

9         v.

10 MARTIN O'MALLEY, Commissioner
of Social Security Administration,

11

12                          Defendant.

NO:  1:24-CV-3064-TOR

ORDER AFFIRMING
COMMISSIONER'S DENIAL OF
BENEFITS UNDER TITLES II & XVI
OF THE SOCIAL SECURITY ACT

13

14         BEFORE THE COURT is Plaintiff's Motion for judicial review of

15 Defendant's denial of his application for Title II and Title IX under the Social

16 Security Act (ECF No. 7).  This matter was submitted for consideration without

17 oral argument.  The Court has reviewed the administrative record, the completed

18 briefing, and is fully informed.  For the reasons discussed below, the

19 Commissioner's denial of Plaintiff's application for benefits under Title II and

20 Title XVI of the Social Security Act is **AFFIRMED**.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER
TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*., at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 3

1    "substantial gainful activity," the Commissioner must find that the claimant is not

2    disabled.  20 C.F.R. § 416.920(b).

3        If the claimant is not engaged in substantial gainful activities, the analysis

4    proceeds to step two.  At this step, the Commissioner considers the severity of the

5    claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

6    "any impairment or combination of impairments which significantly limits [his or

7    her] physical or mental ability to do basic work activities," the analysis proceeds to

8    step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

9    this severity threshold, however, the Commissioner must find that the claimant is

10   not disabled.  *Id.*

11       At step three, the Commissioner compares the claimant's impairment to

12   several impairments recognized by the Commissioner to be so severe as to

13   preclude a person from engaging in substantial gainful activity.  20 C.F.R.

14   § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

15   enumerated impairments, the Commissioner must find the claimant disabled and

16   award benefits.  20 C.F.R. § 416.920(d).

17       If the severity of the claimant's impairment does meet or exceed the severity

18   of the enumerated impairments, the Commissioner must pause to assess the

19   claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

20   defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R.
§ 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's
RFC, the claimant is capable of performing work that he or she has performed in
the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is
capable of performing past relevant work, the Commissioner must find that the
claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of
performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's
RFC, the claimant is capable of performing other work in the national economy.
20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner
must also consider vocational factors such as the claimant's age, education and
work experience. *Id.* If the claimant is capable of adjusting to other work, the
Commissioner must find that the claimant is not disabled. 20 C.F.R.
§ 416.920(g)(1). If the claimant is not capable of adjusting to other work, the
analysis concludes with a finding that the claimant is disabled and is therefore
entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above.
*Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If
the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On February 25, 2019, Plaintiff field an application for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging an onset date of January 1, 2002.[1] ECF No. 4 at 1733. He later amended the onset date to September 26, 2018. *Id.* at 1734. The applications were denied initially, ECF No. 4 at 178-210, and again on reconsideration. *Id.* at 211-250. Plaintiff appeared at a hearing before an administrative law judge ("ALJ") on August 20, 2020, who issued a decision unfavorable to Plaintiff thereafter. ECF No. 4 at 1853-1896, 1802-1825. After the Appeals Council denied review, Plaintiff filed a complaint with this Court and the case was subsequently reversed and remanded pursuant to sentence four of 42 U.S.C. Section 405(g) on April 22, 2022. *Id.* at 1832-1833. The Appeals Council vacated the prior ALJ decision and remanded for further proceedings. *Id.* at 1838-1842. Plaintiff filed subsequent Title II and Title XVI benefit claims which were consolidated with claims on remand. *Id.* On

---

[1] The ALJ decision has a typo and initially lists the onset date as a January 1, 2022. ECF No. 4 at 1734 has the correct year of 2002.

January 3, 2024, Plaintiff again appeared before the ALJ for a telephonic hearing, and the ALJ issued its decision denying Plaintiff's claims February 7, 2024. *Id.* at 1733, 1755.

The ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018. *Id.* at 1734. At step one of the sequential evaluation, the ALJ found Plaintiff had engaged in substantial gainful activity between June 2021 and December 2021, but did not engage in substantial gainful activity from September 26, 2018 through June 21, 2021 or from December 5, 2021 through the date of the ALJ's decision. *Id.* at 1736, 1737. At step two, the ALJ found Plaintiff had the following severe impairments: carpal tunnel syndrome; status post hernia surgery; degenerative joint disease of the left knee; degenerative joint disease of the left wrist status post ORIF surgery; depressive disorder; anxiety disorder; neurocognitive disorder; and substance abuse in remission. *Id.* at 1737. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments. *Id.* at 1738. The ALJ then found Plaintiff had the RFC to perform light work with the following limitations:

> can stand up to twenty minutes at a time for total time standing time of one hour in an eight hour workday; can walk up to twenty minutes at a time for total walking of one hour in an eight hour workday; can sit for up to two hours at a time for total time sitting of six hours in an eight hour workday; can lift and/or carry twenty pounds occasionally and ten pounds frequently; can reach overhead occasionally; can reach

at or below shoulder level frequently; can handle and finger frequently; can stoop, crouch, and climb ramps and stairs occasionally; cannot crawl, kneel, or climb ropes, ladders, or scaffolds; cannot work at heights or in proximity to hazardous conditions; can have no contact with the public; is capable of working in proximity to, but not in coordination with, co-workers; and can have occasional contact with supervisors.

*Id.* 1740-1741.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work. *Id.* at 1752. At step five, the ALJ found, based on Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that the claimant can perform, such as production assembler, document preparer, and collator operator. *Id.* at 1753-1754. The ALJ concluded Plaintiff was not under disability, as defined in the Social Security Act, from September 26, 2018 through February 7, 2024, the date of the ALJ's decision. *Id.* at 1754.

## ISSUES

1. Whether the ALJ properly assessed the unsuccessful work attempts;

2. Whether the ALJ properly found the RFC consistent with disability;

3. Whether the ALJ properly assessed Plaintiff's subjective complaints;

4. Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 7 at 2.

//

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 8

# DISCUSSION

## A. Step One – Substantial Gainful Activity

Plaintiff contends the ALJ reversibly erred by failing to conclude the work Plaintiff performed from June 22 to December 4, 2021, was an unsuccessful work attempt ("UWA"). Plaintiff argues the ALJ did not properly consider this work being less than six months long and ending due to Plaintiff's impairment. ECF No. 7 at 4.

Generally, if a claimant works for substantial earnings as described in the regulations, the work is found to be substantial gainful activity which disqualifies the claimant as disabled. 20 C.F.R. §§ 404.1574(a), 416.974(a). However, where a claimant ceases work at six months or less due to an impairment, it is considered a UWA. 20 C.F.R. §§ 404.1574(c), 416.974(c). The work must end either due to claimant's impairment or "because of the removal of special conditions that took into account [their] impairment and permitted [them] to work," and:

a. There must have been frequent absences due to the impairment; or

b. The work must have been unsatisfactory due to the impairment; or

c. The work must have been done during a period of temporary remission of the impairment; or

d. The work must have been done under special conditions.

20 C.F.R. §§ 404.1574(c)(3), 416.974(c)(3); Social Security Ruling ("SSR") 84-25.

The ALJ found Plaintiff to have met the monthly earnings constituting substantial gainful activity. ECF No. 4 at 1737. The ALJ also concluded it appeared Plaintiff performed his work at a satisfactory level and without special accommodations for the stated period. ECF No. 4 at 5. Plaintiff's then employer completed a survey stating that from June 22, 2021 through December 4, 2021, Plaintiff worked full time without special assistance or under special conditions, regularly reported to work, and satisfactorily completed his work to the same degree as other employees. *Id.* at 2010-2011. Therefore, the ALJ found Plaintiff was not disabled during that time period. *Id.*

Plaintiff's contention that his work ended under six months due to his impairment is not supported by the record. Nor does his explanation that Plaintiff's friend got him hired, he took frequent breaks *hiding* behind his machine, and he took three sick days within six months qualify as a "special condition" similar to those listed under 20 § 404.1573(c). Therefore, the Court finds the ALJ did not err in concluding Plaintiff's employment from June 22, 2021 to December 4, 2021 qualified as substantial gainful activity.

**B. The RFC**

Plaintiff next argues that the RFC is consistent with disability. ECF No. 7 at

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 10

5.  Plaintiff asserts that the RFC's limitation of supervisory contact to occasional is inconsistent with the VE's testimony that a training period may require frequent to constant supervisory contact.  ECF No. 7 at 5.  Plaintiff alleges he will not be able to survive training as a result, leading to a string of short-term jobs which is insufficient to constitute SGA.  *Gatliff v. Comm'r of the Social Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999).  Therefore the RFC is consistent with disability.  ECF No. 7 at 6.

Defendant counters that the VE did not testify at the hearing that the possible jobs would require constant or frequent supervision during the training period.  ECF No. 15 at 18.  The Court agrees.  The VE's response to Plaintiff's question of how much supervision would occur during a training period was not an unequivocal answer of constant or frequent supervision.  The VE stated it would vary employer to employer and supervision may or may not be frequent and "could also be occasional in terms of the actual supervisory time required or attention."  ECF No. 4 at 1799-1800.  The Court does not find this to be inconsistent with the RFC.

## C. The ALJ's Assessment of Plaintiff's Subjective Complaints

Plaintiff argues the ALJ did not provide clear and convincing reasons for discounting Plaintiff's mental and physical subjective testimony.  ECF No. 7 at 6.

An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record. Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 12

explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *Id.* at *7–8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause some of the alleged symptoms. ECF No. 4 at 1742. However, the ALJ also found Plaintiff's statements concerning the intensity, persistence and limiting

effects of the symptoms were not entirely consistent with other evidence in the record. *Id.* Plaintiff challenges the ALJ's discounting of Plaintiff's testimony as to his mental and physical symptoms. ECF No. 7 at 6.

1. Mental

First, Plaintiff argues the ALJ erroneously concluded the objective evidence presented "unremarkable" findings and argues such reasoning is legally unsustainable. ECF No. 7 at 6.

Objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2). However, an ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Id.*

The ALJ found the record had inconsistent findings regarding Plaintiff's reported symptoms and presentation during appointments. ECF No. 4 at 1744. The ALJ found evidence showing Plaintiff has "depressive disorder, anxiety disorder, neurocognitive disorder, and a history of drug and alcohol use with reported symptoms of depression, anxiety, suicidal ideations and attempts, low energy, poor motivation, poor memory, and poor concentration." ECF No. 4 at 1744. However, the ALJ found the mental status examinations to be often

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 14

unremarkable, "with treating notes indicating he presents as pleasant, fully orientated, cooperative, and with normal affect, normal mood, normal memory, normal concentration and attention, normal insight and judgment, normal cognition, and logical thought process." *Id.*

The ALJ found Plaintiff was exhibiting overall improvement while on medication and participating in therapy, and Plaintiff reported stabilized moods and a lack of anger and suicidal ideation in November 2023. *Id.* However, the ALJ also noted the Appeals Council found Plaintiff sometimes presented with abnormal findings including impaired judgment or insight, psychomotor retardation, speech abnormalities, concentration or attention limitations, poor grooming and hygiene, slowed thinking, suicidal ideation and flat, blunted, or restricted affect. *Id.* at 1744-45.

Plaintiff agues this variability over time is not an inconsistency that the ALJ can use in discrediting Plaintiff's testimony because mental health symptoms commonly "wax and wane." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Plaintiff argues the ALJ's citations to the record reveals evidence inapposite to the ALJ's conclusions Plaintiff had unremarkable findings. Plaintiff provides a long list of instances indicating disabling limitations that the ALJ failed to consider. ECF No. 7 at 8-9. However, the ALJ was acknowledging the inconsistency in the records themselves as illustrated by both reported normal and

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 15

abnormal findings.  Additionally, the ALJ noted that "cognitive testing revealed variable findings" and that "[d]ue to the inconsistent findings regarding the claimant's mental health symptoms and presentation during appointments, it is difficult to assess his mental residual functional capacity based on treating and examination reports alone."  ECF No. 4 at 1745.

The ALJ took all of this into consideration in concluding Plaintiff retained the capacity to perform work "as long as he does not have any contact with the public, is not required to work in coordination with co-workers, and has no more than occasional contact with supervisors."  *Id.* at 1745.  The ALJ concluded this in part on Plaintiff's diagnostic testing and presentation but also on Plaintiff's activities during the period at issue.  *Id.*  The ALJ lists a myriad of activities Plaintiff reported to engage in including daily exercise by walking, camping, playing volleyball, managing a softball team, hosting church game nights, and overall was juggling multiple events and obligations.  *Id.*  Plaintiff argues there's a difference between self-directed activities and workplace activities.  Further, Plaintiff contends that many of these activities occurred in 2022 or later and cannot be used as a basis to discount earlier allegations before that time frame.  ECF No. 7 at 9.  However, as previously noted, the ALJ used these activities as evidence in addition to cognitive testing and reports of symptoms and presentation during appointment.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 16

1    The ALJ's finding is supported by substantial evidence. Plaintiff's own

2 interpretation of the record cannot overturn the ALJ's conclusions. "Where

3 evidence is susceptible to more than one rational interpretation, it is the ALJ's

4 conclusion that must be upheld." *Burch*, 400 F.3d at 679 (citation omitted).

5    2. <u>Physical</u>

6    Plaintiff argues the ALJ did not provide sufficient basis to discount

7 Plaintiff's alleged physical limitations. ECF No. 7 at 11. The ALJ noted Plaintiff

8 suffers from carpal tunnel syndrome and degenerative joint disease in his knee and

9 wrist "with symptoms that include wrist pain and dysfunction, knee pain, difficulty

10 standing and walking, and numbness and tingling in his hands and wrists." ECF

11 No. 4 at 1742. The ALJ acknowledged Plaintiff's hernia repair and reported

12 symptoms of abdominal pain and pressure, diarrhea, painful bowel movements and

13 constipation. *Id.* However, the ALJ concluded the reported symptoms were out of

14 proportion to the often mild and unremarkable observations during physical

15 examinations. *Id.*

16    The ALJ adequately cited to objective medical evidence that did not support

17 the level of limitation Plaintiff claimed. The ALJ cited to example records from

18 February 2019 to May 2021 undermining the extent of Plaintiff's reported

19 symptoms. ECF No. 4 at 1742-43. For example, a May 2019 workup revealed

20 only trace joint effusion in Plaintiff's knees. *Id.* A January 2020 physical revealed

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER
TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 17

normal upper extremities with full range of motion and normal strength and sensation. *Id.* Repeated examinations also revealed a soft and nontender abdomen. *Id.* at 1742-43. Additionally, the ALJ noted there was little subsequent evidence of physical issues in recent years. *Id.* at 1743-44. The ALJ concluded that based on these findings, Plaintiff's activities, and his prior work activity at Jewel Apple and Safeway, Plaintiff had the physical capacity to perform work.

Plaintiff argues there have also been abnormal findings. Specifically, that Plaintiff had four hernias removed in 2019 and suffered from post-operation complications such as developing atelectasis in the lungs and subsegmental left basilar consolidation. ECF No. 7 at 13. But the four hernias were removed in one operation with the complications arising from that single surgery. ECF No. 4 at 562.

Plaintiff also argues that the ALJ failed to identify what testimony was contradicted by the listed activities or how they might be transferable to a work setting. ECF No. 7 at 13. An ALJ may make an adverse credibility finding if (1) Plaintiff's activities contradict other testimony, or (2) Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citation omitted). The ALJ concluded Plaintiff's activities in combination with his prior work activities "demonstrated a physical

capacity to perform work at the light exertion level." ECF No. 4 at 14. The Court finds this explanation a reasonable interpretation of the record and concludes the ALJ's finding was supported by substantial evidence.

### D. Medical Opinion Evidence

Plaintiff contends the ALJ reversibly erred by improperly assessing the medical opinions of E. Billings, Ph.D., K. Islam-Zwart, Ph.D., D. Morgan, Ph.D., C. Covell, Ph.D., B. Eather, Ph.D., and B. Heath, PA.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. 20 C.F.R. §§ 404.1520c, 416.920c; *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). The ALJ applied the new regulations because Plaintiff's claims were filed after March 27, 2017.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68. Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 19

with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). These factors are explained as follows:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the

1    ALJ is required to explain how "the most persuasive factors" were considered.  20

2    C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

3        These regulations displace the Ninth Circuit's standard that require an ALJ

4    to provide "specific and legitimate" reasons for rejecting an examining doctor's

5    opinion.  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  As a result, the

6    ALJ's decision for discrediting any medical opinion "must simply be supported by

7    substantial evidence."  *Id.*

8        1. <u>E. Billings, Ph.D.</u>

9        Dr. Billings concluded Plaintiff had major depressive disorder, anxiety

10   disorder, methamphetamine substance abuse disorder and alcohol use disorder,

11   both in early remission.  She opined Plaintiff would unlikely be able to work for at

12   least six months.

13       The ALJ found this opinion to be somewhat persuasive.  ECF No. 4 at 1749.

14   Regarding supportability, the ALJ found the opinion that Plaintiff could not work

15   for six months at that time supported by the circumstances at that time.  Plaintiff

16   presented with concentration and attention problems and reported attending

17   outpatient treatment for substance abuse and was homeless.  As to consistency, the

18   ALJ found the opinion not inconsistent with Plaintiff's functioning at that time.  *Id.*

19   However, the ALJ concluded the subsequent events of Plaintiff remaining

20   abstinent, obtaining stable housing, and participating in a wide range of activities

1  did not support the opinion beyond the indicated six month period.  Thus the ALJ

2  concluded it was not an accurate reflection of Plaintiff's functioning for more than

3  a few months.  *Id.*

4       Plaintiff argues that every factor the ALJ mentioned as an improvement took

5  place years after the September 18 onset.  However, the relevant time period at

6  issue for Dr. Billings' report was at the time the opinion took place which was May

7  2019.  Plaintiff moved into the sober housing in August of 2019 (ECF No. 4 at

8  664), less than six months from the opinion date, and resided there until 2022.

9  ECF No. 7 at 16.  The ALJ was reasonable in interpreting this to be stable housing.

10 Additionally, Plaintiff began his sobriety in September 2019, again, less than six

11 months from the report.  ECF No. 4 at 664.

12      The Court finds the ALJ provided substantial evidence for finding Dr.

13 Billings' opinion persuasive.

14   2.  K. Islam-Zwart, Ph.D.

15      Dr. Islam-Zwart opined Plaintiff, from a functional standpoint, had

16 moderate, marked, and severe limitations as follows:

17   Moderately limited: ability to understand, remember, and persist in
     tasks by following very short and simple instructions; learn new tasks;
18   perform routine tasks without special supervision; make simple work-
     related decisions; be aware of normal hazards and take appropriate
19   precautions; ask simple questions or request assistance; and set
     realistic goals and plan independently.
20

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER
TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 22

1
2
3
4
5

> <u>Markedly limited</u>: understand, remember, and persist in tasks by following detailed instructions; adapt to changes in a routine work setting; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal work day and work week without interruptions from psychologically based symptoms.
>
> <u>Severely limited</u>: perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision.

6  ECF No. 4 at 1748.

7    The ALJ found Dr. Islam-Zwart's opinion unpersuasive. ECF No. 4 at

8  1748. As to supportability, the ALJ found the opinion was not well supported

9  because the opinion did not explain how the claimant's presentation and mental

10  status examinations would cause the stated work-related limitations and found

11  some of her conclusions at odds with her observations. *Id.* at 1749. As to

12  consistency, the ALJ found the opinion was consistent for Plaintiff's situation at

13  that time in January 2019. Plaintiff was still attending inpatient treatment for his

14  alcohol and substance abuse and couldn't find work. *Id.* However, the ALJ

15  concluded the opinion was not reflective of Plaintiff's ability to work for the entire

16  period at issue since he maintained his abstinence and did find some work after this

17  opinion. *Id.*

18    The Court finds that the ALJ provided substantial evidence for finding Dr.

19  Islam-Zwart's opinion unpersuasive.

20  //

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 23

3. <u>Dr. Morgan, Ph.D.</u>

Dr. Morgan opined Plaintiff had major depressive disorder that caused no more than moderate limitations with some marked limitations as to:

> ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, adapt to changes in a routine work setting, and complete a normal work day and work week without interruptions from psychologically based symptoms.

ECF No. 4 at 1750.

The ALJ found Dr. Morgan's opinion to be somewhat persuasive. The ALJ found Dr. Morgan's conclusion that Plaintiff was no more than moderately limited in the most functional areas supported by his examination findings and consistent with the record as a whole. *Id.* As to Dr. Morgan's opinion that Plaintiff had marked limitations in other areas, the ALJ found these not supported or consistent. As to supportability, the ALJ noted that Dr. Morgan's report presented Plaintiff as with normal speech and affect, and cooperative. "Moreover the claimant's thought process and content were within normal limits, he was fully oriented, and his perception, memory, fund of knowledge, concentration, capacity for abstract though, insight, and judgment were all within normal limits." *Id.* These did not support the reported the marked limitations. As to consistency, the ALJ concluded the marked limitations were also inconsistent with Plaintiff's ability to engage in a wide range of activities and maintain employment. *Id.* at 1750-51. Plaintiff argues

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 24

1  the ALJ failed to consider other relevant findings in the report supporting marked

2  limitations.  ECF No. 7 at 19.  While Dr. Morgan's findings might support some of

3  the marked limitations, the ALJ's decision must be upheld "[w]here evidence is

4  susceptible to more than one rational interpretation . . . ."  *Burch*, 400 F.3d at 679

5  (citation omitted).

6      The Court finds the ALJ provided substantial evidence for finding Dr.

7  Morgan's opinion somewhat persuasive.

8      4.  R. Perches, MSW, LSWAIC

9      Dr. Perches completed a check-box form for Plaintiff indicating he was

10 moderately limited in areas including following instructions, interacting with the

11 public, accepting instructions, responding to changes in the work environment, and

12 set realistic goals or make plans independently of others.  ECF No. 4 at 1751.  She

13 marked other areas as marked limitations including ability to understand and

14 remember detailed instructions, ability to complete a normal work day and work

15 week, and ability to maintain attention and concentration for extended periods.  *Id.*

16 She also checked boxes indicating other mild or marked limitations and concluded

17 Plaintiff was receiving treatment but continues to have marginal adjustment.  *Id.*

18     The ALJ found Dr. Perches opinion unpersuasive.  *Id.*  As for supportability,

19 the ALJ found the opinion of marked limitations and marginal adjustment not

20 supported by any explanation.  As for consistency, the ALJ found the opinion

regarding those areas not consistent with Dr. Perch's own treating notes, the other evidence of record, or with Plaintiff's extensive activities, including work.  *Id.*

The Court finds that the ALJ provided substantial evidence for finding Dr. Perch's opinion not persuasive.

5.  <u>C. Covell, Ph. D. and B. Eather, Ph.D.</u>

Dr. Covell opined Plaintiff had moderate limitations related to his disorders and that he could:

> learn, understand, and recall simple tasks and instructions after a physical demonstration; carry out simple instructions; follow simple work-like procedures; make simple work-related decisions; sustain attention adequately; maintain a regular schedule; perform tasks that require little interaction with others; tolerate a work setting where chances for abrupt changes in routine would be minimal and work goals are routine or set by others.

ECF No. 4 at 1750.

Dr. Eather reviewed and the evidence and affirmed Dr. Covell's assessment.  *Id.*

The ALJ found the opinions of Dr. Covell and Dr. Eather persuasive.  The ALJ acknowledged that while they did not examine the claimant or review the updated medical records, their opinions were supported by the attached narrative explanations and were generally consistent with the record as a whole.  *Id.*  The ALJ explains Dr. Covell and Dr. Eather prescribed Plaintiff as generally exhibiting intact cognitive functioning, memory, and concentration and normally does not demonstrate any difficulties that would prevent him from functioning which is

1  consistent with the record.

2      Plaintiff argues that the ALJ failed to adequately articulate the supportability

3  factor with the statement the opinions were "well-supported by their accompanying

4  narrative explanations." ECF No. 7 at 21. The ALJ only need "set forth the

5  reasoning behind its decisions in a way that allows for meaningful review."

6  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492. He will not be faulted for explaining

7  a decision with "less than ideal clarity." *Id.* (quoting *Triechler v. Comm'r of Soc.*

8  *Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). The Court finds the ALJ's

9  explanation of the supportability factor permitted meaningful review. Therefore,

10  the ALJ provided substantial evidence for finding Dr. Covell and Dr. Eather's

11  opinions persuasive.

12      Plaintiff next argues that even if found persuasive, the ALJ erred by not

13  including Dr. Covell and Dr. Eather's limitation to simple tasks with physical

14  demonstrations in the RFC or included in the hypothetical to the VE. EFC No. 7 at

15  21. The Court disagrees. The ALJ interpreted these evaluations related to

16  performing simple tasks that Plaintiff has "an intact capacity to perform *at least*

17  simple tasks and interact with others in a variety of situations." ECF No. 4 at

18  1750. In reviewing the record, nowhere did Dr. Covell or Dr. Eather state Plaintiff

19  was limited to only simple tasks, rather they state Plaintiff "is able to learn,

20  understand and recall simple tasks/instructions after a physical demonstration."

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER
TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 27

1    ECF No. 4 at 193, 226.  The ALJ's interpretation to mean at minimum Plaintiff

2    could perform simple tasks was not unreasonable.

3        6.  B. Heath, PA

4        Dr. Heath opined that Plaintiff could work on a regular and continuous basis

5    without his physical and mental conditions deteriorating and Plaintiff was unlikely

6    to miss work if working a forty-hour per week schedule.  ECF No. 4 at 1751.

7        The ALJ found Dr. Heath's opinion persuasive.  The ALJ concluded the

8    opinion was well-supported by the explanation Dr. Heath provided for each finding

9    and it was also consistent with the record that Plaintiff remained abstinent

10   throughout the period at issue, has responded well to medication and therapy, and

11   has engaged in a wide range of activities, including employment.  *Id.* at 1752.

12       Plaintiff argues the ALJ failed to adequately explain the supportability and

13   consistency factors.  While less than ideal as to clarity, the Court concludes the

14   ALJ's decision was "supported by the inferences reasonably drawn from the

15   record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  The Court

16   concludes the ALJ provided substantial evidence for finding Dr. Heath's opinion

17   persuasive.

18   //

19   //

20   //

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER
TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 28

# CONCLUSION

Having reviewed the record and findings of the ALJ, the Court concludes that there was no error in the ALJ's decision.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Opening Brief (ECF No. 7) is **DENIED**.

2. Defendant's Response Brief (ECF No. 15) is **GRANTED**.  The final decision of the Commissioner is **AFFIRMED**.

The District Court Executive is hereby directed to file this Order, enter **JUDGMENT**,  provide copies to counsel, and **CLOSE** the file.

**DATED** December 13, 2024.



THOMAS O. RICE
United States District Judge

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT~ 29